(17 Misc. Rep. 611)

MAYER v. FULLER.

(Supreme Court, Appellate Term, First Department. July 27, 1896.)

CONTRACTS—INTERPRETATION.

Plaintiff procured the employment of defendant at the C. Theater under a contract by which defendant was to pay him 10 per cent. of her salary. Afterwards defendant wished to postpone her appearance at the C. Theater, which plaintiff arranged for, and obtained the consent of the manager that defendant might appear during the time for which she was released at another theater, a condition of which arrangement was that plaintiff's commission should attach to defendant's engagement at such other theater. *Held*, that plaintiff was entitled to the commission on the salary earned by defendant at the other theater.

Appeal from Sixth district court.

Action by Marcus R. Mayer against Ida Fuller. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Cantor & Van Schaick, for appellant.

M. L. Erlanger, for respondent.

McADAM, J. The action was to recover $60, being 10 per cent. commission on two weeks' salary which the defendant received from Koster & Bial for professional services rendered under a contract claimed to have been procured by the plaintiff. The claim is founded upon an agreement in the form of a letter, in and by which the plaintiff, a theatrical manager, thereby appointed agent for the defendant, was to receive "ten per cent. of all sums realized for making engagements for Miss Fuller, the said ten per cent. to be paid weekly." On December 18, 1895, the plaintiff procured a contract to be made between the defendant and the managers of the Casino Theater, this city, by which the defendant was to receive $300 per week in an engagement commencing February 3, 1896, and continuing during March, April, and May, 1896. Before the time for commencing at the Casino, the defendant's husband called on the plaintiff, and informed him that his sister, Loie Fuller, had contracted to appear at Koster & Bial's, and it was deemed proper that defendant's engagement at the Casino be deferred, so that both actresses should not appear in the same city at the same time. Negotiations were thereupon begun which resulted in a release of the defendant from her engagement at the Casino for a period of eight weeks, so as to allow her to appear at Koster & Bial's following the Loie Fuller engagement. The plaintiff was instrumental in bringing about this arrangement, and it was agreed that he should receive his commission thereon in the same manner as if the defendant had performed at the Casino.

On March 9, 1896, Canary & Lederer, of the Casino, pursuant to the arrangement, wrote to Mr. McConnell, business manager of Koster & Bial, as follows:

"We will give Miss Fuller permission to appear at Koster & Bial's Music Hall, her engagement to follow that of Miss Loie Fuller. * * * Marcus Mayer's commission to be protected by K. & B."

On March 11, 1896, Mr. McConnell wrote to Canary & Lederer as follows:

"Your letter received, regarding the engagement of Ida Fuller to play a season of eight weeks at Koster & Bial's. Mr. Bial accepts the conditions you name, and that Marcus Mayer's commission is to be deducted."

The defendant assented to the conditions stated, one of which was that the plaintiff's commissions should be paid on the Koster & Bial engagement. The transaction, therefore, resolves itself into this: The plaintiff procured a contract for the defendant at the Casino for four months, at $300 per week, and thereafter induced the management of the Casino to allow the defendant to perform at Koster & Bial's for eight weeks of the term, upon condition that the plaintiff's right to commission should attach to the engagement at Koster & Bial's under the contract with them. In short, it was a mere substitution of theaters and employers, the terms and conditions being substantially the same.

The defendant attacks the validity of the contract under which the plaintiff was appointed agent at 10 per cent. commission, upon the ground that, in so far as it gives a right to commissions upon engagements not secured by the plaintiff, it is void. Hamlin v. Wheelock, 42 Hun, 530. If the plaintiff should at any time place that interpretation upon the contract, and seek to recover commissions on engagements not procured by him, the objection presented by the defendant will require consideration. The claim in suit is based upon an actual engagement of the defendant at the Casino secured by the plaintiff, and a transfer of eight weeks of the time to Koster & Bial's, brought about by the efforts of the plaintiff, upon the express agreement that his right to commission under the engagement should be as effectual after the transfer as before.

The justice properly found for the plaintiff, and the judgment must be affirmed, with costs. All concur.